IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAHMAN A. FOREMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 1: 16-cv-03948 |
| v. ) | |
| ) | |
| **SOO LINE RAILROAD D/B/A** ) | |
| **CANADIAN PACIFIC RAILWAY,** ) | |
| **Defendant.** ) | |

### PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, Rahman A. Foreman, by and through his attorneys, DELANEY LAW, PC, and in complaint of Defendant, Soo Line Railroad d/b/a/ Canadian Pacific Railway, and states as follows:

### INTRODUCTION

1. Plaintiff, Rahman A. Foreman, a former employee of Defendant, Soo Line Railroad, seeks redress for discrimination based retaliation. This case is brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3).

3. Venue in this district is proper under 28 U.S.C. § 1391(b). The Defendant resides in this Northern District, Eastern Division, and the events giving rise to Plaintiff's claim occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with:

    a. Plaintiff, Rahman A. Foreman (hereinafter "FOREMAN") filed a charge No. 440-2015-02071 against Defendant, Soo line Railroad (hereinafter "SOO LINE RAILROAD") on January 6, 2015, with the Illinois Department of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission, (hereinafter "EEOC"), a copy of which is attached hereto as **Exhibit 1**.

    b. The EEOC issued FOREMAN a notice of right to sue charge No. 440-2015-02071 a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

5. Plaintiff, FOREMAN, as a citizen of the United States and the State of Illinois and resides in Addison, Illinois, in the County of DuPage. At all times material to this Complaint FOREMAN was employed by Defendant, SOO LINE RAILORAD, in Franklin Park, Illinois, in the County of Cook, as a conductor coach.

6. Defendant, SOO LINE RAILROAD, at all times relevant to this Complaint, is a corporation registered and domiciled in the State of Illinois and has been since 1961.

7. At all times material, SOO LINE RAILOROAD was an employer as defined within the meanings of Title VII.

8. At all times material, SOO LINE RAILROAD had a statutory duty to take all reasonable and necessary steps to eliminate discrimination and retaliation from the workplace and to prevent it from happening in the future.

## FACTUAL ALLEGATIONS

9. In or about in August 2002, FOREMAN began his employment with Defendant, SOO LINE RAILROAD.

10. His most recent position was conductor coach.

11. From the commencement of his employment through present, FOREMAN consistently performs the duties and responsibilities of his position in an acceptable manner.

## COUNT I -- RETALIATION

12. FOREMAN repeats and realleges Paragraphs one through eleven (1-11) of this Complaint as Paragraphs one through eleven (1-11) of Count I as though fully set forth herein.

13. Plaintiff is an African American Male, and as such, a member of a class protected under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e-17.

14. Title VII makes it an unlawful employment practice for an employer to retaliate against any employee who opposes or otherwise complains about an unlawful employment practice.

15. During his employment, he filed a Charge of Discrimination and federal lawsuit against Defendant, SOO LINE RAILROAD, for race discrimination.

16. In response to FOREMAN's complaint and charges filed with the above, SOO LINE RAILROAD, through its employees unlawfully retaliated against FOREMAN in violation of Title VII by, among other unlawful actions, treating him unfairly and subjecting him to a pattern of injurious conduct, including, but not limited to:

a. After three and a half months' paternity leave, SOO LINE RAILROAD failed to provide FOREMAN with a copy of the new safety handbooks.

b. SOO LINE RAILROAD failed to educate FOREMAN about the new safety handbooks.

c. SOO LINE RAILROAD did not allow its train and engine employees to access the office where the new safety handbooks were located.

d. Carlos Feliciano (hereinafter "FELICIANO"), a trainmaster at SOO LINE RAILROAD, entered into an efficieny test of shoveling exclusively on FOREMAN, without any notice to him or any other crew members before and during the test.

e. During and after the efficiency test, FELICIANO did not enter any information into the system.

f. FELICIANO decided that FOREMAN violated the new safety rules while completing the efficiency test.

g. In fact, FELICIANO did not observe FOREMAN's violation of the new safety rules.

h. FELICIANO did not conduct any investigation regarding FOREMAN's violation of the safety rules.

i. FELICIANO did not interview any other crew members regarding FOREMAN's violation of the safety rules and did not take any statements from them.

j. The SOO LINE RAILROAD record system has no entry indicating FOREMAN's violation of the new safety rules.

    k. SOO LINE RAILROAD terminated FOREMAN's employment on or about May 31, 2014, for violating the new safety rules.

17. FOREMAN's termination followed him having engaged in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

18. As a direct and proximate result of SOO LINE RAILROAD's unlawful employment practice and retaliation, FOREMAN has suffered and continues to suffer, among other damages, loss of employment, emotional harm and mental anguish, embarrassment and related physical and psychological injuries of a severe and permanent nature.

**WHEREFORE**, Plaintiff, RAHMAN A. FOREMAN prays that this Honorable Court grant judgment in his favor and against Defendant, SOO LINE RAILROAD, and this Court grant him the following relief:

    A. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

    B. Permanently enjoin SOO LINE RAILROAD, their agents, successors, officers, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to the in violation of applicable law;

    C. Order modifications or eliminations of SOO LINE RAILROAD's practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

    D. Sufficient reparation to compensate him for his losses;

E.  Compensate and make FOREMAN whole for all benefits he would have received but for the retaliatory discriminatory practices of SOO LINE RAILROAD;

F.  Award FOREMAN the costs and disbursements of this action, including reasonable attorney's fees; and

G.  Grant such other relief as may be just and proper.

Respectfully Submitted,

/s/ Cynthia Rote
By: An Attorney for Plaintiff

Delaney Law, PC
Firm No: 44350
444 N Wabash Ave., 3rd Floor
Chicago, Illinois 60611
(312) 276-0263